UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN M. HAMLETT et al,

            Plaintiffs,

v.

THE HONORABLE DEBRA L STEPHENS et al.

            Defendants.

CASE NO. C11-5785-RBL-JRC

REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS AND DISMISS THE ACTION WITHOUT LEAVE TO AMEND

NOTED FOR: November 4, 2011

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff and an unnamed inmate have filed a motion to proceed in forma pauperis in this action (ECF No. 1). Only Mr. Hamlett has provided any information regarding his financial condition. He is indigent (ECF No. 1).

The court first notes that one inmate cannot appear as an attorney for another inmate. Although a non-attorney may appear pro se on behalf of himself, he has no

authority to appear as an attorney for others. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). Mr. Hamlett is the only plaintiff properly before the court.

The court has considered the application to proceed and the proposed complaint. The court recommends the motion to proceed in forma pauperis in this action be denied and the case dismissed for failure to state a claim with the dismissal counting as a strike pursuant to the Prison Litigation Reform Act. Mr. Hamlett does not have an absolute right to proceed in forma pauperis with a civil complaint that does not challenge his conviction or sentence.

## FACTS

Mr. Hamlett names five Washington State Supreme Court Justices and two Thurston County Superior Court Judges as defendants in this action (ECF No. 1, proposed complaint). He seeks declaratory judgment and asks this court to find that because he is indigent he is entitled to bring his actions in forma pauperis. In the underlying case Mr. Hamlett was trying to bring an action relating to public disclosure. Plaintiff's underlying issue is that female inmates are allowed to have bathrobes and male inmates are not (ECF No. 1, proposed complaint, Exhibit 1). The Superior Court denied his motion to proceed in forma pauperis. Plaintiff then filed a Writ of Mandamus, which was returned to him as an appeal. When Mr. Hamlet appealed the Superior Court's ruling, the Superior Court granted him an order of indigence and allowed the filing of his appeal (ECF No. 1, proposed complaint, Exhibit 6). The Washington State Supreme

Court then considered his application and denied him in forma pauperis status (ECF No. 1, proposed Complaint, Exhibit 8).

## DISCUSSION

Plaintiff argues that he has a constitutional right of access to court without payment of a filing fee. Plaintiff is in error. The right to proceed in forma pauperis is not absolute and denial of in forma pauperis status is reviewed for abuse of discretion. Denardo v. Collum, 48 F.3d 1227 (9th Cir. 1995). Further, the Ninth Circuit addressed the denial of in forma pauperis status over forty years ago and held that proceeding in forma pauperis is a matter within the sound discretion of the trial court in civil actions. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963).

Here, plaintiff's underlying issue was a tort claim challenging a policy that female inmates at the Washington Corrections Center for Women are allowed to have certain clothing items such as bathrobes. He also challenges a response to a public disclosure request (ECF No. 1, proposed complaint Exhibit 1). The state court denied expenditure of public funds to proceed in forma pauperis. This Court does not find an abuse of discretion in the state court's decision to deny in forma pauperis status.

In the Ninth Circuit, a pro se litigant must be given notice of the deficiencies in the complaint and an opportunity to amend unless it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff's legal theory that he has an unqualified right to in forma pauperis status is simply incorrect. It is absolutely clear that this is an issue which cannot

be cured by amendment, and the state courts did not abuse their discretion in denying his application.

The Court recommends in forma pauperis status be denied and that this action be DISMISSED for failure to state a claim. The order should specifically inform the court of appeals that the plaintiff does not have in forma pauperis status. This dismissal will count as a strike pursuant to 28 U.S.C. 1915(e)(2) and (g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 4, 2011, as noted in the caption.

Dated this 4th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge